# IN THE COURT OF APPEALS OF IOWA

No. 23-0811
Filed April 10, 2024

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**JON MICHAEL MARTINAC JR.,**
　　　Defendant-Appellant.

_____

　　　Appeal from the Iowa District Court for Plymouth County, Daniel P. Vakulskas, Judge.

　　　A defendant challenges his conviction for driving while barred. **AFFIRMED.**

　　　Jack Bjornstad of Jack Bjornstad Law Office, Spirit Lake, for appellant.

　　　Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

　　　Considered by Tabor, P.J., and Badding and Buller, JJ.

**TABOR, Presiding Judge.**

After a one-day trial, a jury convicted Jon Martinac of driving while barred. On appeal, Martinac claims the State presented insufficient proof of his guilt because a certified abstract of his driving record listed "0" under a category titled "Number of Unserved Sanctions." But viewing the entire record in the light most favorable to the verdict, we find substantial evidence that Martinac's license was barred when he was driving a motor vehicle. Thus, we affirm his conviction.

## I.      Facts and Prior Proceedings

On August 1, 2021, Deputy Nathan Hoss of the Plymouth County Sherriff's Office saw Martinac driving a Chevy HHR on a four-lane highway. Based on prior encounters, Deputy Hoss believed Martinac's driver's license was barred. The deputy checked the status of Martinac's license through his in-car computer system and confirmed his belief. After turning around, catching up to the Chevy, and verifying that Martinac was behind the wheel, Deputy Hoss arrested him for driving while barred.

At trial, the State offered a certified abstract of Martinac's driving record from the Iowa Department of Transportation (IDOT) with an "inquiry date" of August 4, 2021. The abstract showed that within a two-year period Martinac was convicted three times of driving while his license was suspended, denied, cancelled, or revoked. The abstract also noted that Martinac's license was barred from November 2, 2020, until November 1, 2022, based on his status as a habitual offender. Page two of the abstract included this list of "compliance items."

| Compliance Item | Status | Additional Information |
|---|---|---|
| Earliest Reinstate Date: Non-Commercial | 11/02/2022 | |
| Earliest Reinstate Date: Commercial | 11/02/2022 | |
| Active Judgements | 0 | |
| Life Sanctions | 0 | |
| Incapables | 0 | |
| Indefinite Sanctions | | |
| Civil Penalty Owed | 0 | |
| Drinking Driver School | | |
| Treatment & Evaluation | | |
| Days Remaining on IID | 0 | |
| IID Required Through | | |
| SR22 Required Through | | NOT REQUIRED |
| Financial Responsibility | | |
| Probation In Effect | 11/02/2022 to 11/01/2023 | |
| Number of Unserved Sanctions | 0 | |

The State charged Martinac with operating a motor vehicle while barred in violation of Iowa Code section 321.561 (2021). A jury found him guilty as charged. The court ordered him to pay a fine of $855 and serve a jail sentence of ten days. In this appeal, Martinac challenges the evidence to support his conviction. He focuses on the last item listed above: "Number of Unserved Sanctions."

## II.      Scope and Standard of Review

We review Martinac's sufficiency-of-the-evidence claim for correction of legal error. *See State v. Crawford*, 974 N.W.2d 510, 516 (Iowa 2022). We consider the evidence "in the light most favorable to the State," allowing for all reasonable inferences it will support. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). If a rational jury could find guilt beyond a reasonable doubt, we affirm. *Id.* While we consider all the evidence—exculpatory and inculpatory alike—we are mindful that the jury is "free to reject certain evidence, and credit other evidence." *Id.* (citation omitted).

### III.     Analysis

Martinac claims the State failed to offer adequate proof for his conviction. To convict Martinac of driving while barred, the State had to prove that he: 1) operated a motor vehicle 2) while his privilege to operate a motor vehicle in the state was barred.  Martinac does not dispute the first element.  So we consider only whether the State offered sufficient evidence to convince a rational jury beyond a reasonable doubt that Martinac's license was barred.

The State's key evidence was the certified abstract of Martinac's driving record.  "A certified abstract of a driving record encompasses the information contained in the IDOT records."  *State v. Kennedy*, 846 N.W.2d 517, 524 (Iowa 2014).  Such a record is "considered to be true and accurate unless shown otherwise by an objecting party."  Iowa Code § 321.10(1).

Martinac's main argument on appeal is that the certified abstract says he was not serving any sanctions, and therefore his license was not barred when he was driving on August 1, 2021.  Martinac highlights the abstract's reference to "Number of Unserved Sanctions," where it says there are zero.  Martinac insists that the number of unserved sanctions would not be zero if he was serving a sanction at the time of the offense.

To process Martinac's appellate argument we start with the definition of sanction.  A sanction is "a license denial, cancellation, suspension, revocation, bar or disqualification."  Iowa Admin. Code r. 761-615.1.  Under the bolded title—**Sanctions**—the abstract described Martinac as "Barred" from 11/02/2020 to 11/01/2022 for being a habitual offender.  According to the abstract, Martinac's habitual offender status is based on three offenses of driving a motor vehicle while

having a driver's license which is suspended, denied, revoked, or barred within a six-year period.[1]  *See* Iowa Code § 321.555(1)(c).

But that definition of sanction only takes us so far.  Martinac's appellate argument underscores the abstract's reference to "unserved sanctions."  He asserts: "It is as if the Director of the [IDOT] told the Plymouth County jury that Martinac had served all of his sanctions by August 4, 2021."  In response, the State provides no definitive definition of that reference in its trial exhibit.[2]  But it suggests Martinac's reading is "absurd," and the "more plausible" reading is that "[o]nce any current sanctions are over, Martinac has zero future sanctions ahead of him."[3]

At a loss on the meaning of "unserved sanctions," the State points to other evidence in the record supporting Martinac's conviction.  For example, the abstract also listed his "DL Status" as "BAR," which Deputy Hoss testified stood for barred.  And under the compliance items, the abstract stated that the earliest reinstatement date for his license was November 2, 2022—more than a year after his arrest date.  The jury could rely on those references to find that Martinac's license was barred on August 1, 2021.  Beyond those references in the abstract, the jury also heard

---

[1] The abstract lists Martinac's convictions dated November 8, 2019; August 24, 2020; and September 17, 2020.  Based on those dates, Martinac was barred for two years under Iowa Code section 321.560(1) ("A license to operate a motor vehicle in this state shall not be issued to any person declared to be a habitual offender under section 321.555, subsection 1, for a period of not less than two years nor more than six years from the date of the final decision of the department . . . .").  *See* Iowa Admin. Code r. 761-615.9(1)(a), (b).

[2] To be fair, Martinac—who represented himself at trial—did not raise this issue in the district court.  And after *State v. Crawford*, he didn't have to do so to challenge the sufficiency of the evidence on direct appeal.  972 N.W.2d 189, 198 (Iowa 2022).  But his omission also left the State without notice that defining that term would be helpful for the appeal.

[3] Our own research unearthed no authority for the meaning of "unserved sanctions" on the IDOT's certified abstract.

the deputy's testimony that the on-line database showed that Martinac's license was barred at the time of the stop.

The State contends that any ambiguity raised by the "unserved sanction" notation could be rejected by the jury for more certain evidence that Martinac's license was barred. We agree. It is the jury's role to resolve conflicts in the evidence, make credibility determinations, and determine the plausibility of explanations given. *State v. Mathis*, 971 N.W.2d 514, 519 (Iowa 2022).

Viewing all evidence in the light most favorable to the State, we find sufficient proof of Martinac's conviction for operating a motor vehicle while his license is barred. On this record, we decline to disturb the jury's verdict.

**AFFIRMED.**